IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **QUINTERIOUS WILLIAMS,** : | |
|   **Plaintiff,** : | |
| **vs.** : | **CIVIL ACTION 23-0111-KD-MU** |
| **ROBERT MARTIN,** *et al.,* : | |
|   **Defendants.** : | |

**ORDER**

The undersigned ordered Plaintiff Williams twice to complete and file this Court's complaint form for an action under 42 U.S.C. § 1983.  (Doc. 3 at 3-4, PageID.15-16; Doc. 5).  Williams was to have filed the completed § 1983 complaint form by May 19, 2023. (Doc. 3).  Williams did not respond to this last order.  Williams is now **GRANTED** another extension and is **ORDERED** to complete and file this Court's §1983 complaint form by **June 30, 2023.**  The Clerk is **DIRECTED** to send the § 1983 complaint form to Williams for his use.

The amended complaint will take the place of the original complaint.  See Fritz v. Standard Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982).  Thus, Williams shall not rely on or refer to his original complaint, as it is considered abandoned.  Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006).

Furthermore, Williams' original complaint does not state a claim, as facts to support a claim were not pleaded.  The absence of facts in the original complaint

prevents the undersigned from knowing about the claims, as only legal terms and conclusions were used to describe a claim against the named Defendants, e.g., conspiracy to commit fraud, violation of 8th amendment.  (Doc. 1 at 4, PageID.4)

To state a claim, Williams must plead a complaint that contains "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ] [his] claims across the line from conceivable to plausible."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Allegations unsupported by facts will be vague and conclusory and, therefore, subject to dismissal.  Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

In addition, in a § 1983 action, a causal connection is required to be shown between each defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights to state a claim.  Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.), cert. denied, 464 U.S. 932 (1983).  A plaintiff can demonstrate this causal connection by alleging facts that show what each defendant did to violate his constitutional or federal rights or, to state it another way, that show how each defendant was involved in his claim for a violation of his constitutional or federal rights.

The persons named as Defendants indicate that the claims may have their bases in criminal proceedings.  To recover damages in a § 1983 action for an unconstitutional conviction or sentence, a plaintiff must show the following:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73, 129 L.Ed.2d 383 (1994) (emphasis added).  Later, the Supreme Court in Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248, 161 L.Ed.2d 253 (2005), ruled that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Therefore, any claims that imply the invalidity of an imprisonment, a conviction, or sentence, it must be demonstrated that the imprisonment, conviction, or sentence has been previously invalidated in a manner described by Heck, supra.  This applies to claims that imply the invalidity of future convictions or sentences as well.  Hamilton v. Lyons, 75 F.3d 99, 102 (5th Cir. 1996).  Williams should be mindful of the decisions in Heck and Wilkinson with their bars to relief under § 1983 when drafting his amended complaint.  That is, if the §

1983 claims would imply the invalidity of a conviction or sentence that has not been previously invalidated, Heck and Wilkinson would bar the § 1983 claims from proceeding until invalidation has occurred.  Heck, supra; Wilkinson, supra.

The failure by **June 30, 2023** to complete and file this Court's § 1983 complaint form or to follow the pleading directives for pleading a complaint **will result in a recommendation to dismiss this action** for failure to prosecute and to follow the Court's order.

**DONE and ORDERED** this 7th day of June, 2023.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**