IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QUINTERIOUS WILLIAMS, #327717 )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>LIEUTENANT ROBERT MARTIN, *et al.*, )<br>)<br>    Defendants. ) | CIV. A. NO. 23-00111-KD-MU |

## ORDER

Before the Court is nonparty Cassandra Adams's Motion to be added as Power of Attorney. (Doc. 9). This motion has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). For the reasons stated below, the motion is **DENIED**.

Plaintiff Quinterious Williams, an Alabama inmate, proceeding *pro se*, has filed suit under 42 U.S.C. § 1983. (Doc. 1). On July 19, 2023, nonparty, Cassandra Adams filed a motion to be put on record as Plaintiff's power of attorney so that she could "handle Quinterious Williams[sic] legal obligations, payments, and correspondence and also be notified . . . when anything changes and a copy of his mail so [she] could make appropriate decisions on his behalf to stop delays in process." (Doc. 9). Ms. Adams also attached a copy of an executed and notarized copy of an Alabama General Power of Attorney Form. (Doc. 9-1).

In the federal courts, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The right of self-representation only exists for the *pro se* plaintiff and does not include the right to represent others on a *pro se* basis. *See*

*Timson v. Sampson,* 518 F.3d 870, 873 (11th Cir.2008). Thus, an individual, who is not an attorney admitted and licensed to practice law, is not authorized to represent another person or entity before this Court. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). This includes a holder of a power of attorney. *Pipes as trustee of Robert F. Pipes, Jr. Living Tr. v. Weyerhaeuser Co.,* 328 So. 3d 282, 284 (Ala. Civ. App. 2020) (holding that "a person who was not licensed to practice law in Alabama but who held a power of attorney for another individual was not permitted to represent the person in court for whom she held the power of attorney") (citing *Franklin v. Max Fed. Credit Union*, 168 So. 3d 83 (Ala. Civ. App. 2014)). Accordingly, Plaintiff must proceed through an attorney or on his own, *pro se.*

It is thus **ORDERED** that Cassandra Adams's Motion to be added as Power of Attorney (Doc. 9) is **DENIED**.

**DONE** and **ORDERED** this the 11th day of August, 2023.

                                              s/P. Bradley Murray
                                              **UNITED STATES MAGISTRATE JUDGE**