# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| QUINTERIOUS WILLIAMS, #327717 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 23-00111-KD-MU |
| ) | |
| LIEUTENANT ROBERT MARTIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This Court has ordered Plaintiff to refile his complaint on the Court's § 1983 form four separate times. (*See* Docs. 3, 5, 7, 12). The Court has repeatedly informed Plaintiff that his original complaint failed to state a claim, as it used only legal terms and conclusions to describe a claim against the named Defendants, including "conspiracy to commit fraud, violation of 8th amendment." (Doc. 7 at 1-2; *see also* Docs. 3 at 3; 12 at 1-2). The Court instructed Plaintiff that he must plead facts which explain what each defendant did and connect each defendant's actions to the deprivation of a constitutional or federal right to state a § 1983 claim. (Doc. 12 at 3). Plaintiff was further instructed that, if he was seeking damages against Defendants for claims which were based on his criminal proceedings, he must first show that his conviction or sentence has been reversed, expunged, or invalidated. (*Id.*). The Court also warned Plaintiff that failure to complete and file his complaint on the Court's § 1983 form by September 12, 2023, or his failure to follow the Court's directions for pleading a plausible claim against Defendants would result in the recommendation to dismiss the action for failure to

prosecute and follow the Court's order. (*Id.* at 3-4). To date, Plaintiff has failed to comply.

As a result, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). Pursuant to the Federal Rules of Civil Procedure, a court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." *Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)).

Due to Plaintiff's repeated failure to follow this Court's orders, the undersigned **RECOMMENDS** that this case be **DISMISSED without prejudice** pursuant to Rule 41(b).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1);Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **13th** day of **October**, **2023**.

                                      s/P. Bradley Murray
                                      **UNITED STATES MAGISTRATE JUDGE**